ABEL A. CROSBY, Appellant, *v.* SARAH STEPHAN, Repondent, Impleaded, etc.,

ABEL A. CROSBY, Appellant, Impleaded, etc., *v.* SAME.

*Policy of insurance taken out by a husband for the benefit of his wife — after the money has been paid to the wife it may be seized by her creditors.*

Where money due to a widow upon a policy of insurance, taken out by the husband upon his life for her benefit, has been paid to her by the company, and has been by her deposited in a bank to her own order, it is subject to the claims of her creditors and may be reached and taken by them.

APPEAL from an order of the county judge of Ulster county, denying the motion of the plaintiff to punish the defendant Sarah

Stephan for an alleged contempt in drawing certain moneys from the Rondout Savings Bank and thereby, as claimed, violating the order of the judge.

On the 22d day of February, 1871, the plaintiff recovered judgment against the defendant and others for $320.62, upon which execution was issued and returned unsatisfied, and on the 11th day of February, 1871, the plaintiff and others recovered judgment against the defendant and others for $140.69, upon which execution was also issued and returned unsatisfied.

Nothing further was done by the plaintiff under the judgments until the 30th day of January, 1884, when he procured orders from the county judge of Ulster county in supplemental proceedings.

The occasion of his doing this was that, owing to the death of the defendant's husband, she had received $1,930, the proceeds of a policy of life insurance upon his life taken out for her benefit and the object of the proceeding was to seize the money in payment of these judgments. The defendant appeared before the county judge, submitted to an examination, testified that she had the money on deposit in the savings bank and a receiver was appointed. Thereafter the defendant drew the money from the bank. The plaintiff thereupon obtained an order requiring her to show cause why she should not be punished for contempt. She appeared in answer to the order, and after argument the county judge denied the motion.

It was admitted on the argument before the county judge that the defendant was the wife of Charles Stephan at the time of the incurring of the indebtedness upon which the judgments were obtained, and from that time until his death, on the 27th of December, 1883, and that by the terms of the policy the amount insured was made payable to her.

*Preston & Chipp*, for Abel A. Crosby, appellant.

*A. T. Clearwater*, for the respondent.

BY THE COURT:

We are of the opinion that the cases cited by the defendants' counsel do not sustain the position taken by the learned county judge. We have examined these cases; and in some instances language is used which might be construed to have a wider meaning

than the facts of the case justify. Whatever is said, however, it will be found that these are cases in regard to the right of the wife, or of the wife's creditors, as such rights exist before the husband's death. Whatever protection may be thrown around the contingent interest which she then has in such policies, we have here a very different question. Here the husband is dead. The policy has become payable, and it has been paid. The money paid is the widow's absolute property. Like the property of other persons it is liable for its owner's debts. She is under the common obligation of all persons to pay debts; and unless the law has expressly exempted this property, it is liable. We must not permit sympathy for the widow to outweigh an application of the claims of common honesty.

The principle adopted by the learned county judge, if carried out, would lead to absurd consequences. The counsel for the plaintiff well asks; through how many mutations in the form of the money is the exemption to extend. If the defendant buys securities and sells them and buys others; are they all exempt? If not, where does the exemption cease? We think, therefore, that this money was liable to the debts of Mrs. Stephan. (*Bolt* v. *Keyhoe*, 30 Hun, 619.) The drawing out of the money from the bank was a violation of the injunction order. It would have been a technical violation even if it had been at once deposited elsewhere. But her affidavit does not disclose what she did with the money, and indicates an intention to put it beyond the reach of these proceedings. Very possibly she thought she was justified in her acts, as she may have been so advised, still the act was no less a disobedience of the injunction.

The order is reversed, with ten dollars costs and printing disbursements, and the proceedings are remitted to the county judge with directions to proceed on the application to punish respondent.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Order reversed, with ten dollars costs and printing disbursements, and motion remitted to county judge to proceed against Mrs. Stephan.